FEDERAL TRADE COMMISSION
By: Sara C. DePaul
1111 Superior Avenue, Suite 200
Cleveland, Ohio 44114-2507
Phone: 216-263-3429
Fax: 216-263-3426

RALPH J. MARRA, JR.
Acting United States Attorney
(Designated Local Counsel)
By: J. ANDREW RUYMANN
Assistant U.S. Attorney
402 East State Street, Room 430
Trenton, New Jersey 08608
Phone: 609-989-0563
Fax: 609-989-2360

RECEIVED

MAR 2 0 2009

AT 8:30_____
WILLIAM T. WALSH
CLERK

RECEIVED

MAR 2 4 2009

AT 8:30_____
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,**<br><br>Plaintiff,<br><br>v.<br><br>**UNITED CREDIT ADJUSTERS, INC.,** *et al.,*<br><br>Defendants. | Civil Action No.: 09-798(JAP)<br><br>Judge Joel A. Pisano |

**PRELIMINARY INJUNCTION
WITH ASSET FREEZE AND ACCOUNTING AS TO CORPORATE DEFENDANTS**

On February 24, 2009, Plaintiff Federal Trade Commission (FTC or Commission),

pursuant to Sections 5(a), 13(b) and 19 of the Federal Trade Commission Act (FTC Act), 15

U.S.C. §§ 45(a), 53(b), 57b, and Section 410(b) of the Credit Repair Organizations Act, 15

U.S.C. § 1679h(b), filed its Complaint for Injunctive and Other Equitable Relief, and moved

*ex parte* for a temporary restraining order (TRO) pursuant to Rule 65(b) of the Federal Rules of

Civil Procedure, Fed. R. Civ. P. 65(b). This Court entered the TRO for ten (10) days. This matter is now before the Court pursuant to the Order to Show Cause provision of the TRO. The Court having considered the Complaint, declarations, exhibits, and memorandum filed in support of the Commission's motion, and all other motions filed in the matter, and having heard argument, finds that:

1. This Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction of all parties hereto. The Complaint states a claim upon which relief may be granted under Sections 5 and 13(b) of the FTC Act, 15 U.S.C. §§ 45 and 53(b), and under the Credit Repair Organizations Act, 15 U.S.C. §§ 1679-1679j;

2. Venue properly lies with this Court;

3. Good cause exists to believe that Defendants United Credit Adjusters, Inc., also doing business as United Credit Adjustors and UCA; United Credit Adjustors, Inc., also doing business as United Credit Adjusters and UCA; Bankruptcy Masters Corp.; National Bankruptcy Services Corp.; Federal Debt Solutions, Ltd.; and United Money Tree, Inc., have engaged in and are likely to engage in acts and practices that violate Section 5(a) of the Federal Trade Commission Act, 15 U.S.C. § 45(a), and the Credit Repair Organizations Act, 15 U.S.C. §§ 1679-1679j, and that Plaintiff is therefore likely to prevail on the merits of this action;

4. Good cause exists to believe that immediate and irreparable damage to this Court's ability to grant effective final relief for consumers in the form of monetary restitution, rescission of contracts or disgorgement will occur from the sale, transfer, or other disposition or concealment by Defendants of their assets or

company records, or those assets and company records under their control, unless Defendants are immediately restrained and enjoined by order of this Court;

5. Weighing the equities and considering Plaintiff's likelihood of ultimate success on the merits, a preliminary injunction with an asset freeze, accounting, and other equitable relief is in the public interest; and

6. No security is required of the Commission, as an agency of the United States, for the issuance of a preliminary injunction order. *See* Fed.R.Civ.P. 65(c).

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A. **"Corporate Defendants"** or **"Defendants"** means United Credit Adjusters, Inc., also doing business as United Credit Adjustors and UCA; United Credit Adjustors, Inc., also doing business as United Credit Adjusters and UCA; United Counseling Association, Inc., also doing business as UCA; Bankruptcy Masters Corp.; National Bankruptcy Services Corp.; Federal Debt Solutions, Ltd.; and United Money Tree, Inc.

B. **"Asset"** means any legal or equitable interest in, right to, or claim to, any real and personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," "notes" (as these terms are defined in the Uniform Commercial Code), and all chattel, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and cash, wherever located.

C. **"Assisting others"** means knowingly providing any of the following goods or services to another entity: (1) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (2) formulating or providing, or arranging

-3-

for the formulation or provision of, any marketing material; (3) providing names of, or assisting in the generation of, potential customers; or (4) performing marketing or billing services of any kind.

D. **"Credit repair organization"** means any person or entity that uses any instrumentality of interstate commerce or the mails to sell, provide, or perform (or represent that such person or entity can or will sell, provide, or perform) any credit repair service.

E. **"Credit repair service"** or **"Credit repair services"** means any service, in return for payment of money or other consideration, for the express or implied purpose of: (1) improving any consumer's credit record, credit history, or credit rating; or (2) providing advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating.

F. **"Document"** or **"Record"** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which the information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

G. **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

H. **"Person"** means a natural person, organization or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

I. **"Plaintiff"** means the Federal Trade Commission.

J.  The terms "**and**" and "**or**" shall be construed conjunctively and disjunctively as necessary to make the applicable phrase or sentence inclusive rather than exclusive.

## ORDER

## CONDUCT REQUIREMENTS

### I.  PROHIBITED BUSINESS PRACTICES PURSUANT TO THE FEDERAL TRADE COMMISSION ACT

**IT IS THEREFORE ORDERED** that, in connection with the advertising, marketing, promotion, offering for sale, or sale of credit repair services to consumers, Corporate Defendants are hereby preliminarily restrained and enjoined from misrepresenting, or assisting others in misrepresenting, either orally or in writing, expressly or by implication, any material fact, including, but not limited to:

A.  Their ability to improve or otherwise affect a consumer's credit report or profile or ability to obtain credit;

B.  The total cost to purchase, receive, or use the goods or services;

C.  Any material restrictions, limitations, or conditions to purchase, receive, or use the goods or services;

D.  Any material aspect of the nature of the terms of a refund, cancellation, exchange, or repurchase policy for the goods or services; or

E.  Any material aspect of the performance, efficacy, nature, or central characteristics of the goods or services.

### II.  PROHIBITED BUSINESS ACTIVITIES PURSUANT TO THE CREDIT REPAIR ORGANIZATIONS ACT

**IT IS FURTHER ORDERED** that, in connection with the advertising, marketing, promotion, offering for sale, or sale of credit repair services to consumers, Corporate Defendants

are hereby preliminarily restrained and enjoined from violating, or assisting others in violating, the Credit Repair Organizations Act, 15 U.S.C. §§ 1679-1679j, including, but not limited to:

 A. By making or using untrue or misleading representations to induce consumers to purchase their services, including, but not limited to, misrepresenting that a credit repair organization can improve substantially consumers' credit reports or profiles by permanently removing negative information from consumers' credit reports, even where such information is accurate and not obsolete, in violation of Section 404(a)(3), 15 U.S.C. § 1679b(a)(3); or

 B. By charging or receiving money or other valuable consideration for the performance of credit repair services, before such services are fully performed, in violation of Section 404(b), 15 U.S.C. § 1679b(b);

 C. By failing to provide a written statement of a consumer's credit file rights, in the form and manner required by the Credit Repair Organizations Act, to each consumer before any contract or agreement is executed, in violation of Section 405(a), 15 U.S.C. § 1679c(a);

 D. By failing to include on their consumer contracts conspicuous statements regarding the consumers' right to cancel the contracts without penalty or obligation at any time before the third business day after the date on which the consumers sign the contracts, in violation of Section 406(b)(4), 15 U.S.C. § 1679d(b)(4); or

 E. By failing to provide a written "Notice of Cancellation," in the form and manner required by the Credit Repair Organizations Act, to each consumer before any contract or agreement is executed, in violation of Section 407(b), 15 U.S.C. § 1679e(b).

### III. PRODUCTION OF DOCUMENTS AND DATA

**IT IS FURTHER ORDERED** that Corporate Defendants shall produce to Plaintiff at their business premises located at 216 River Avenue, Lakewood, New Jersey 08701, or other

-6-

mutually agreeable location, for inventory and copying, all correspondence, email, financial data including tax returns, and any other documents, computer equipment, and electronically stored information in any Defendant's possession, custody, or control, that contains information about Defendants' business and assets. Defendants shall provide Plaintiff or Plaintiff's agents access to the business premises for completing said inventorying and copying on March 24-25, 2009 from 10:30 a.m. - 5:30 p.m. If additional time is necessary to complete the inventorying and copying, Defendants shall provide Plaintiff or Plaintiff's agents access to the business premises, or other mutually agreeable location, for the inventorying and copying within ten days of Plaintiff's demand for production of the documents or data.

Corporate Defendants shall also provide Plaintiff or Plaintiff's agents with access to the storage units located at Extra Storage Space, 5440 Route 9 South, Howell, New Jersey 07731, within five business days of any Defendant resuming control of the contents of the storage units.

Corporate Defendants, to the extent they have possession, custody, or control of documents described above, shall produce the documents as they are kept in the usual course of business. Corporate Defendants, to the extent they have possession, custody, or control of computer equipment or electronically stored information described above, shall provide Plaintiff with any necessary means of access to the computer equipment or electronically stored information, including, but not limited to, computer access codes and passwords.

## **ASSET & RECORD RETENTION**

### IV. **ASSET FREEZE**

**IT IS FURTHER ORDERED** that the Corporate Defendants are hereby preliminarily restrained and enjoined from:

A. Transferring, converting, encumbering, selling, concealing, dissipating, disbursing, assigning, spending, withdrawing, perfecting a security interest in, or otherwise disposing of any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other assets, wherever located, including outside the United States, that are:

1. owned or controlled by, or in the actual or constructive possession of any Defendant;

2. owned or controlled by, or held for the benefit of, directly or indirectly, any Defendant, in whole or in part;

3. held by an agent of any Defendant as a retainer for the agent's provision of services to Defendants; or

4. owned or controlled by, or in the actual or constructive possession of or otherwise held for the benefit of, any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any of the Defendants, including, but not limited to, any assets held by, for, or subject to access by, any of the Defendants at any bank or savings and loan institution, or with any broker-dealer, escrow agent, title company, commodity trading company, precious metal dealer, or other financial institution or depository of any kind;

B. Opening or causing to be opened any safe deposit boxes titled in the name of any Defendant, or subject to access by any Defendant;

C. Obtaining a personal or secured loan encumbering the assets of any Defendant, or subject to access by any Defendant;

D. Transferring any funds or other assets subject to this Order for attorney's fees, living expenses, business expenses or any other purpose, except by Court order upon a showing of good cause;

-8-

    E.    Incurring liens or other encumbrances on real property, personal property, or other assets in the name, singly or jointly, of any Defendant or of any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant; or

    F.    Incurring charges or cash advances on any prepaid debit, credit or other bank card, issued in the name, singly or jointly, of any Defendant or any corporation, partnership, or other entity directly or indirectly owned, managed, or controlled by any Defendant.

**IT IS FURTHER ORDERED** that the assets affected by this Paragraph shall include both existing assets and assets acquired after the effective date of this Order.

## V.    DUTIES OF ASSET HOLDERS

**IT IS FURTHER ORDERED** that any financial or brokerage institution, business entity, or person served with a copy of this Order that holds, controls, or maintains custody of any account or asset of any of the Defendants, or has held, controlled, or maintained custody of any such account or asset at any time since the date of entry of this Order shall:

    A.    Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, encumbrance, disbursement, dissipation, conversion, sale, or other disposal of any such asset except by further order of this Court;

    B.    Deny Defendants access to any safe deposit box that is:

        1.    titled in the name of any Defendant, either individually or jointly; or

        2.    otherwise subject to access by any Defendant;

    C.    Provide the FTC's counsel, within five (5) business days of receiving a copy of this Order, a sworn statement setting forth:

    1.  the identification number of each account or asset titled in the name, individually or jointly, of any of the Defendants, or held on behalf of, or for the benefit of, any of the Defendants;

    2.  the balance of each such account, or a description of the nature and value of each such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted;

    3.  the identification of any safe deposit box that is either titled in the name, individually or jointly, of any of the Defendants, or is otherwise subject to access by any of the Defendants; and

  D.  Upon the request of the FTC, promptly provide the FTC with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs. Any such financial institution, account custodian, or other aforementioned entity may arrange for the FTC to obtain copies of any such records which the FTC seeks.

## VI. REPATRIATION OF ASSETS AND DOCUMENTS LOCATED IN FOREIGN COUNTRIES

**IT IS FURTHER ORDERED** that the Corporate Defendants shall:

  A.  Within three (3) business days following the service of this Order, take such steps as are necessary to transfer to the territory of the United States of America all documents and

assets that are located outside of such territory and are held by or for Defendants or are under Defendants' direct or indirect control, jointly, severally, or individually;

B.  Within three (3) business days following service of this Order, provide Plaintiff with a full accounting of all documents and assets that are located outside of the territory of the United States of America and are held by or for Defendants or are under Defendants' direct or indirect control, jointly, severally, or individually;

C.  Hold and retain all transferred documents and assets and prevent any transfer, disposition, or dissipation whatsoever of any such assets or funds; and

D.  Provide Plaintiff access to Defendants' records and documents held by financial institutions outside the territorial United States, by signing the Consent to Release of Financial Records attached hereto as Attachment A.

## VII. INTERFERENCE WITH REPATRIATION

**IT IS FURTHER ORDERED** that Corporate Defendants are hereby preliminarily restrained and enjoined from taking any action, directly or indirectly, which may result in the encumbrance or dissipation of foreign assets, or in the hindrance of the repatriation required by Paragraph VI of this Order, including, but not limited to:

A.  Sending any statement, letter, fax, email or wire transmission, telephoning, or engaging in any other act, directly or indirectly, that results in a determination by a foreign trustee or other entity that a "duress" event has occurred under the terms of a foreign trust agreement until such time as all assets have been fully repatriated pursuant to Paragraph VI of this Order; or

B.  Notifying any trustee, protector or other agent of any Defendant of the existence of this Order, or of the fact that repatriation is required pursuant to a Court Order, until such time as all assets have been fully repatriated pursuant to Paragraph VI of this Order.

## VIII. FINANCIAL STATEMENTS

**IT IS FURTHER ORDERED** that no event later than ten (10) business days after entry of this Order, the Corporate Defendants shall provide the FTC with completed financial statements, on the forms attached to this Order as Attachment B, for each Defendant individually and for each corporation or other entity of which a Defendant is an officer, member, or otherwise directs and/or controls, as of the date of service of this Order upon the Defendant.

## IX. CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish to the FTC a consumer report concerning any Defendant.

## X. PRESERVATION OF EXISTING RECORDS

**IT IS FURTHER ORDERED** that the Corporate Defendants are hereby preliminarily restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any contracts, accounting data, correspondence, email, advertisements, computer tapes, discs, or other computerized storage media, books, written or printed records, handwritten notes, telephone logs, telephone scripts, recordings, receipt books, ledgers, personal and business cancelled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, and other documents or records of any kind that relate to the business practices or business or personal finances of Defendants, individually and jointly.

## XI. PROHIBITION ON DISCLOSURE OF CUSTOMER LISTS

**IT IS FURTHER ORDERED** that Corporate Defendants are hereby preliminarily restrained and enjoined from:

A. Selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, Social Security number, billing information (any data that enables any person to access another person's account, such as a credit card, checking, savings, share or similar account, utility bill, mortgage loan account or debit card), email address, or other identifying information of any person whose identifying information was acquired by any Defendant, at any time prior to entry of this Order, in connection with the purchase of any credit repair service;

B. Using or benefitting from, for commercial purposes, the name, address, telephone number, Social Security number, billing information (any data that enables any person to access another person's account, such as a credit card, checking, savings, share or similar account, utility bill, mortgage loan account or debit card), email address, or other identifying information of any person whose identifying information was acquired by any Defendant, at any time prior to entry of this Order, in connection with the purchase of any credit repair service;

C. **PROVIDED, HOWEVER**, that Corporate Defendants may disclose such identifying information (1) with the express written consent of the person whose information is disclosed, (2) to a law enforcement agency, or (3) as required or authorized by any law, regulation, or court order.

## XII. MAINTENANCE OF BUSINESS RECORDS

**IT IS FURTHER ORDERED** that Corporate Defendants are hereby preliminarily restrained and enjoined from:

A.  Failing to create and maintain documents that, in reasonable detail, accurately, fairly, and completely reflect Defendants' incomes, disbursements, transactions, and use of money; and

B.  Creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship, corporation or limited liability company, without first providing the FTC with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the names of the business entity's officers, directors, principals, managers and employees; and (4) a detailed description of the business entity's intended activities.

## NOTIFICATION AND MONITORING PROVISIONS

### XIII. DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Corporate Defendants shall immediately provide a copy of this Order to each affiliate, agent, partner, division, sales entity, successor, assignee, officer, director, employee, independent contractor, spouse, Internet web host or master, agent, attorney, and/or representative of Defendants, and shall, within ten (10) days from the date of entry of this Order, provide the FTC with a sworn statement that Defendants have complied with this provision of the Order, which statement shall include the names and addresses of each such person or entity who received a copy of this Order.

### XIV. MONITORING

**IT IS FURTHER ORDERED** that agents or representatives of the FTC may contact Defendants or Defendants' agents or representatives directly and anonymously for the purpose of monitoring compliance with Paragraphs I and II of this Order, and may tape record any oral communications that occur in the course of such contacts.

## XV. SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, email, and overnight delivery service, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of any Defendant, or that may be subject to any provision of this Order. Pursuant to Fed. R. Civ. P. 4(c)(2), this Order and the initial papers filed in this matter may be served on Defendants, upon the business premises of Defendants, and upon any financial institution or other entity or person that may have possession, custody or control of any documents or assets of any Defendant, or that may be subject to any provision of this Order, by employees of the FTC, by employees of any other law enforcement agency, by any agent of Plaintiff or by any agent of any process service retained by Plaintiff.

## XVI. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for all purposes.

**IT IS SO ORDERED.**

**DATED** this 23rd day of March, 2009.

**HON. JOEL A. PISANO**
**United States District Court Judge**