FEDERAL TRADE COMMISSION
By: Sara C. DePaul
1111 Superior Avenue, Suite 200
Cleveland, Ohio 44114-2507
Phone: 216-263-3429
Fax: 216-263-3426

RALPH J. MARRA, JR.
Acting United States Attorney
(Designated Local Counsel)
By: J. ANDREW RUYMANN
Assistant U.S. Attorney
402 East State Street, Room 430
Trenton, New Jersey 08608
Phone: 609-989-0563
Fax: 609-989-2360

RECEIVED
MAR 20 2009
AT 8:30_____ M
WILLIAM T. WALSH
CLERK

RECEIVED
MAR 24 2009
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>                     Plaintiff,<br><br>v.<br><br>UNITED CREDIT ADJUSTERS, INC., *et al.*,<br><br>                     Defendants. | Civil Action No.: 09-798(JAP)<br><br>Judge Joel A. Pisano |

### STIPULATED PRELIMINARY INJUNCTION
### AS TO DEFENDANT GERALD SERINO

On February 24, 2009, Plaintiff Federal Trade Commission (FTC or Commission),

pursuant to Sections 5(a), 13(b) and 19 of the Federal Trade Commission Act (FTC Act), 15

U.S.C. §§ 45(a), 53(b), 57b, and Section 410(b) of the Credit Repair Organizations Act, 15

U.S.C. § 1679h(b), filed its Complaint for Injunctive and Other Equitable Relief, and moved

*ex parte* for a temporary restraining order (TRO) pursuant to Rule 65(b) of the Federal Rules of

Civil Procedure, Fed. R. Civ. P. 65(b). This Court entered the TRO for ten (10) days. This matter is now before the Court pursuant to the Order to Show Cause provision of the TRO. The Commission and Gerald Serino, a/k/a Jerry Serino, having discussed the terms of this Stipulated Preliminary Injunction (Order) hereby agree to the following terms and conditions:

1. This Court has jurisdiction over the subject matter of this case, and there is good cause to believe it will have jurisdiction of all parties hereto. The Complaint states a claim upon which relief may be granted under Sections 5 and 13(b) of the FTC Act, 15 U.S.C. §§ 45 and 53(b), and under the Credit Repair Organizations Act, 15 U.S.C. §§ 1679-1679j;

2. Gerald Serino, a/k/a Jerry Serino, individually and as an officer of United Credit Adjusters, Inc., has agreed to the terms of this Order;

3. Gerald Serino, a/k/a Jerry Serino, individually and as an officer of United Credit Adjusters, Inc., is entering into this Order without in any way admitting liability for any allegations in the Complaint;

4. The Plaintiff is entering into this Order without in any way admitting any of the defenses raised by the Gerald Serino, a/k/a Jerry Serino, are valid.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A. **"Defendant"** means Gerald Serino, a/k/a Jerry Serino, his successors, assigns, members, officers, agents, servants, employees, and those persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate or other device, whether using his name or others.

B.  **"Assisting others"** means knowingly providing any of the following goods or services to another entity: (1) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any marketing material; (3) providing names of, or assisting in the generation of, potential customers; or (4) performing marketing or billing services of any kind.

C.  **"Credit repair organization"** means any person or entity that uses any instrumentality of interstate commerce or the mails to sell, provide, or perform (or represent that such person or entity can or will sell, provide, or perform) any credit repair service.

D.  **"Credit repair service"** or **"Credit repair services"** means any service, in return for payment of money or other consideration, for the express or implied purpose of: (1) improving any consumer's credit record, credit history, or credit rating; or (2) providing advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating.

E.  **"Document"** or **"Record"** is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which the information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

F.  **"Material"** means likely to affect a person's choice of, or conduct regarding, goods or services.

G. **"Person"** means a natural person, organization or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, government or governmental subdivision or agency, or any other group or combination acting as an entity.

H. **"Plaintiff"** means the Federal Trade Commission.

I. The terms **"and"** and **"or"** shall be construed conjunctively and disjunctively as necessary to make the applicable phrase or sentence inclusive rather than exclusive.

## ORDER

## CONDUCT REQUIREMENTS

**I. PROHIBITED BUSINESS PRACTICES PURSUANT TO THE FEDERAL TRADE COMMISSION ACT**

**IT IS THEREFORE ORDERED** that, in connection with the advertising, marketing, promotion, offering for sale, or sale of credit repair services to consumers, Defendant is hereby preliminarily restrained and enjoined from misrepresenting, or assisting others in misrepresenting, either orally or in writing, expressly or by implication, any material fact, including, but not limited to:

A. His ability to improve or otherwise affect a consumer's credit report or profile or ability to obtain credit;

B. The total cost to purchase, receive, or use the goods or services;

C. Any material restrictions, limitations, or conditions to purchase, receive, or use the goods or services;

D. Any material aspect of the nature of the terms of a refund, cancellation, exchange, or repurchase policy for the goods or services; or

E.  Any material aspect of the performance, efficacy, nature, or central characteristics of the goods or services.

## II. PROHIBITED BUSINESS ACTIVITIES PURSUANT TO THE CREDIT REPAIR ORGANIZATIONS ACT

**IT IS FURTHER ORDERED** that, in connection with the advertising, marketing, promotion, offering for sale, or sale of credit repair services to consumers, Defendant is hereby preliminarily restrained and enjoined from violating, or assisting others in violating, the Credit Repair Organizations Act, 15 U.S.C. §§ 1679-1679j, including, but not limited to:

A.  By making or using untrue or misleading representations to induce consumers to purchase services, including, but not limited to, misrepresenting that a credit repair organization can improve substantially consumers' credit reports or profiles by permanently removing negative information from consumers' credit reports, even where such information is accurate and not obsolete, in violation of Section 404(a)(3), 15 U.S.C. § 1679b(a)(3); or

B.  By charging or receiving money or other valuable consideration for the performance of credit repair services, before such services are fully performed, in violation of Section 404(b), 15 U.S.C. § 1679b(b);

C.  By failing to provide a written statement of a consumer's credit file rights, in the form and manner required by the Credit Repair Organizations Act, to each consumer before any contract or agreement is executed, in violation of Section 405(a), 15 U.S.C. § 1679c(a);

D.  By failing to include on consumer contracts conspicuous statements regarding the consumers' right to cancel the contracts without penalty or obligation at any time before the third business day after the date on which the consumers sign the contracts, in violation of Section 406(b)(4), 15 U.S.C. § 1679d(b)(4); or

E. By failing to provide a written "Notice of Cancellation," in the form and manner required by the Credit Repair Organizations Act, to each consumer before any contract or agreement is executed, in violation of Section 407(b), 15 U.S.C. § 1679e(b).

## III. PRODUCTION OF DOCUMENTS AND DATA

**IT IS FURTHER ORDERED** that Defendant shall, within forty-eight (48) hours of service of this Order, produce to Plaintiff at the office of the United States Attorney for the District of New Jersey, 402 East State Street, Room 430, Trenton, New Jersey 08608, or other mutually agreeable location for inventory and copying, all correspondence, email, financial data including tax returns, and any other documents, computer equipment, and electronically stored information in Defendant's possession, custody, or control, that contains information about Defendant's business and assets. Plaintiff shall return the documents or computer equipment to Defendant within five (5) business days of completing said inventory and copying.

Defendant, to the extent he has possession, custody, or control of documents described above, shall produce the documents as they are kept in the usual course of business. Defendant, to the extent he has possession, custody, or control of computer equipment or electronically stored information described above, shall provide Plaintiff with any necessary means of access to the computer equipment or electronically stored information, including, but not limited to, computer access codes and passwords.

### RECORDS & RECORD RETENTION

## IV. FINANCIAL STATEMENTS

**IT IS FURTHER ORDERED** that not less than three (3) business days prior to the scheduled date and time for the hearing on a preliminary injunction, but in no event later than ten (10) business days after entry of this Order, Defendant shall provide the FTC with completed

financial statements, on the forms attached to this Order as Attachments A and B, for Defendant individually and for each corporation or other entity of which Defendant is an officer, member, or otherwise directs and/or controls, as of the date of service of this Order upon the Defendant.

## V.   CONSUMER CREDIT REPORTS

**IT IS FURTHER ORDERED** that pursuant to Section 604(1) of the Fair Credit Reporting Act, 15 U.S.C. § 1681b(1), any consumer reporting agency may furnish to the FTC a consumer report concerning Defendant.

## VI.   PRESERVATION OF EXISTING RECORDS

**IT IS FURTHER ORDERED** that the Defendant is hereby preliminarily restrained and enjoined from destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any contracts, accounting data, correspondence, email, advertisements, computer tapes, discs, or other computerized storage media, books, written or printed records, handwritten notes, telephone logs, telephone scripts, recordings, receipt books, ledgers, personal and business cancelled checks and check registers, bank statements, appointment books, copies of federal, state or local business or personal income or property tax returns, and other documents or records of any kind that relate to the business practices or business or personal finances of Defendant.

## VII.   PROHIBITION ON DISCLOSURE OF CUSTOMER LISTS

**IT IS FURTHER ORDERED** that Defendant is hereby preliminarily restrained and enjoined from:

   A.   Selling, renting, leasing, transferring, or otherwise disclosing the name, address, telephone number, Social Security number, billing information (any data that enables any person to access another person's account, such as a credit card, checking, savings, share or similar

account, utility bill, mortgage loan account or debit card), email address, or other identifying information of any person whose identifying information was acquired by Defendant, at any time prior to entry of this Order, in connection with the purchase of any credit repair service;

B. Using or benefitting from, for commercial purposes, the name, address, telephone number, Social Security number, billing information (any data that enables any person to access another person's account, such as a credit card, checking, savings, share or similar account, utility bill, mortgage loan account or debit card), email address, or other identifying information of any person whose identifying information was acquired by Defendant, at any time prior to entry of this Order, in connection with the purchase of any credit repair service;

C. **PROVIDED, HOWEVER,** that Defendant may disclose such identifying information (1) with the express written consent of the person whose information is disclosed, (2) to a law enforcement agency, or (3) as required or authorized by any law, regulation, or court order.

## VIII. MAINTENANCE OF BUSINESS RECORDS

**IT IS FURTHER ORDERED** that Defendant is hereby preliminarily restrained and enjoined from:

A. Failing to create and maintain documents that, in reasonable detail, accurately, fairly, and completely reflect Defendant's incomes, disbursements, transactions, and use of money; and

B. Creating, operating, or exercising any control over any business entity, including any partnership, limited partnership, joint venture, sole proprietorship, corporation or limited liability company, without first providing the FTC with a written statement disclosing: (1) the name of the business entity; (2) the address and telephone number of the business entity; (3) the

names of the business entity's officers, directors, principals, managers and employees; and (4) a detailed description of the business entity's intended activities.

## NOTIFICATION AND MONITORING PROVISIONS

### IX. DISTRIBUTION OF ORDER BY DEFENDANTS

**IT IS FURTHER ORDERED** that Defendant shall immediately provide a copy of this Order to each affiliate, agent, partner, division, sales entity, successor, assignee, officer, director, employee, independent contractor, spouse, Internet web host or master, agent, attorney, and/or representative of Defendant, and shall, within ten (10) days from the date of entry of this Order, provide the FTC with a sworn statement that Defendant has complied with this provision of the Order, which statement shall include the names and addresses of each such person or entity who received a copy of this Order.

### X. MONITORING

**IT IS FURTHER ORDERED** that agents or representatives of the FTC may contact Defendant or Defendant's agents or representatives directly and anonymously for the purpose of monitoring compliance with Paragraphs I and II of this Order, and may tape record any oral communications that occur in the course of such contacts.

### XI. SERVICE OF ORDER

**IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including facsimile transmission, email, and overnight delivery service, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendant, or that may be subject to any provision of this Order. Pursuant to Fed. R. Civ. P. 4(c)(2), this Order and the initial papers filed in this matter may be served on Defendant, upon the business premises of Defendant, and upon any financial

institution or other entity or person that may have possession, custody or control of any documents or assets of any Defendant, or that may be subject to any provision of this Order, by employees of the FTC, by employees of any other law enforcement agency, by any agent of Plaintiff or by any agent of any process service retained by Plaintiff.

### XII. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for all purposes.

IT IS SO ORDERED.

DATED this 23 day of March, 2009.

_____
HON. JOEL A. PISANO
United States District Court Judge

-10-

**Stipulated and agreed to this 20th day of March, 2009.**

| **FOR THE PLAINTIFF:** | **DEFENDANT GERALD SERINO:** |
|---|---|
| DAVID C. SHONKA<br>Acting General Counsel<br><br>*/s/ Sara C. DePaul*<br>SARA C. DEPAUL (OH Bar No. 0077829)<br>LARISSA L. BUNGO (OH Bar No. 0066148)<br>Attorneys for Plaintiff<br>Federal Trade Commission<br>1111 Superior Avenue, Suite 200<br>Cleveland, Ohio 44114-2507<br>216-263-3429 (telephone)<br>216-263-3426 (facsimile)<br>sdepaul@ftc.gov (email) | Gerald Serino, a/k/a Jerry Serino |

-11-

**Stipulated and agreed to this** $\underline{19^{th}}$ **day of March, 2009.**

| | |
|---|---|
| **FOR THE PLAINTIFF:** | **DEFENDANT GERALD SERINO:** |
| DAVID C. SHONKA <br> Acting General Counsel | |
| _____ <br> SARA C. DEPAUL (OH Bar No. 0077829) <br> LARISSA L. BUNGO (OH Bar No. 0066148) <br> Attorneys for Plaintiff <br> Federal Trade Commission <br> 1111 Superior Avenue, Suite 200 <br> Cleveland, Ohio 44114-2507 <br> 216-263-3429 (telephone) <br> 216-263-3426 (facsimile) <br> sdepaul@ftc.gov (email) | _____ <br> Gerald Serino, a/k/a Jerry Serino |