RECEIVED

FEB - 4 2010

AT 8:30
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** | |
| Plaintiff, | Civil Action No. 09-798 (JAP) |
| v. | Hon. Joel A. Pisano |
| **UNITED CREDIT ADJUSTERS, INC.,** *et al.,* | |
| Defendants. | |

**(██████) FINAL ORDER FOR PERMANENT INJUNCTION
AND SETTLEMENT OF CLAIMS**

On February 24, 2009, the Federal Trade Commission (FTC or Commission) filed a

Complaint for Injunctive and Other Equitable Relief (Original Complaint) against Defendants:

United Credit Adjusters, Inc., also doing business as United Credit Adjustors and UCA; United

Credit Adjustors, Inc., also doing business as United Credit Adjusters and UCA; United

Counseling Association, Inc., also doing business as UCA; Bankruptcy Masters Corp.; National

Bankruptcy Services Corp.; Federal Debt Solutions, Ltd.; United Money Tree, Inc.; Ahron E.

Henoch; Ezra Rishty; and Gerald Serino, a/k/a Jerry Serino.  The FTC alleged that these

Defendants engaged in a deceptive credit repair operation that violated Section 5(a) of the

Federal Trade Commission Act (FTC Act), 15 U.S.C. § 45(a) and the Credit Repair

Organizations Act (CROA), 15 U.S.C. §§ 1679 - 1679j.  On August 4, 2009, the FTC filed its

Amended Complaint for Injunctive and Other Equitable Relief (Amended Complaint),

containing new allegations against Defendant Ezra Rishty, both individually and doing business

as The Loan Modification shop, Ltd., and naming as new Defendants The Loan Modification

Shop, Ltd, and Casey Lynn Cohen a/k/a Casey Lynn Collins, also d/b/a The Loan Modification

Shop, Ltd.  The Amended Complaint charged these Defendants with violating Section 5(a) of the

FTC Act, 15 U.S.C. § 45(a), by falsely representing that they could obtain loan modifications for

consumers in all or virtually all instances.  The Defendants, except Gerald Serino who was

granted an extension (Docket # 45), failed to answer the Original Complaint and the Amended

Complaint.  On October 14, 2009, the Clerk entered default against all of the Defendants except

Gerald Serino. On February 3, 2010, the FTC filed a Motion For Entry of Default Judgment And

Order For Permanent Injunction And Other Equitable Relief.   The Court, having considered the

FTC's Motion, finds that an order granting default judgment against all Defendants to this action

except Gerald Serino is appropriate.


## **FINDINGS**[1]

1.      This is an action by the FTC instituted under Sections 5, 13(b), and 19 of the FTC

Act, 15 U.S.C. §§ 45, 53(b), 57b, and Section 410(b) of the Credit Repair Organizations Act

(CROA), 15 U.S.C. § 1679h(b) .  The Original Complaint and Amended Complaint seek both

permanent injunctive relief and consumer redress for Defendants' alleged deceptive acts or

practices in connection with the marketing and sale of credit repair services, and mortgage loan

modification or foreclosure relief services.

2.      The FTC has the authority under Section 13(b) and 19 of the FTC Act to seek the

relief it has requested, and the Original Complaint and Amended Complaint state claims upon

which relief can be granted against Defendants.

---

[1]None of the findings are applicable to Defendant Gerald Serino, a/k/a Jerry Serino.

Case 3:09-cv-00798-JAP-LHG   Document 70-5   Filed 02/02/10   Page 3 of 26

3.     This Court has jurisdiction over the subject matter of this case and has jurisdiction over Defendants.  Venue in the District of New Jersey is proper.

4.     The activities of Defendants, as alleged in the Original Complaint and Amended Complaint, are in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5.     Defendants United Credit Adjusters, Inc.; United Credit Adjustors, Inc.; United Counseling Association, Inc.; Bankruptcy Masters Corp.; National Bankruptcy Services Corp.; Federal Debt Solutions, Ltd.; United Money Tree, Inc.; and Ezra Rishty were properly served with the Summons and Original Complaint on February 25, 2009.  Defendant Ahron Henoch was properly served with the Summons and Original Complaint on February 27, 2009.  These Defendants were not represented by counsel in this matter.  Default was entered against these Defendants on October 14, 2009.

6.     Defendants The Loan Modification Shop, Ltd., and Ezra Rishty were properly served with the Summons and Amended Complaint on August 4, 2009.  Defendant Casey Lynn Cohen, a/k/a Casey Lynn Collins, was properly served with the Summons and Amended Complaint on August 11, 2009.  These Defendants were represented by counsel in this matter until their counsel withdrew by motion granted on October 16, 2009.  Default was entered against these parties on October 14, 2009.

7.     The factual allegations in the Commission's Original and Amended Complaints are taken as true against United Credit Adjusters, Inc.; United Credit Adjustors, Inc.; United Counseling Association, Inc.; Bankruptcy Masters Corp.; National Bankruptcy Services Corp.; Federal Debt Solutions, Ltd.; United Money Tree, Inc.; Ahron E. Henoch; and Ezra Rishty.  Based on these facts, the Court finds that the United Credit Adjusters, Inc.; United Credit Adjustors, Inc.; United Counseling Association, Inc.; Bankruptcy Masters Corp.; National

Bankruptcy Services Corp.; Federal Debt Solutions, Ltd.; United Money Tree, Inc.; Ahron E. Henoch; and Ezra Rishty violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and the Credit Repair Organizations Act, 15 U.S.C. §§ 1679-1679j, in connection with the marketing, offering for sale, and sale of credit repair services.

8.      The Court further finds that Defendant Ahron E. Henoch is an officer and director of Defendants United Credit Adjusters, Inc.; United Credit Adjustors, Inc.; United Counseling Association, Inc.; Bankruptcy Masters Corp.; National Bankruptcy Services Corp.; Federal Debt Solutions Ltd.; and United Money Tree, Inc.; and that he also did business as United Credit Adjusters, Inc.; Bankruptcy Masters Corp.; and Federal Debt Solutions Ltd.; and that he formulated, directed, controlled or participated in the acts and practices of these corporate Defendants, including the acts and practices set forth in the Original and Amended Complaints.

9.      The Court further finds that Defendant Ezra Rishty is an officer and director of United Credit Adjusters, Inc., and Bankruptcy Masters Corp., and that he also did business as United Credit Adjusters, Inc., and Bankruptcy Masters Corp., and that he formulated, directed, controlled or participated in the acts and practices of these corporate Defendants, including the acts and practices set forth in the Original and Amended Complaints.

10.     The Court further finds that the record demonstrates that Defendant Casey Lynn Cohen, a/k/a Casey Lynn Collins was the Chief Compliance Officer for United Credit Adjustors, Inc., also d/b/a United Credit Adjusters and UCA; and the Compliance Manager for United Counseling Association, also d/b/a UCA, and that she formulated, directed, controlled or participated in each of those corporation's acts and practices, including the acts and practices set forth in the Original Complaint. (*See* Memorandum in Support of *Ex Parte* Motion for Temporary Restraining Order, p. 5, PX 68, ¶¶ 17, 27-28, Att. X, Y (Docket # 52)).

11.     The factual allegations in the Commission's Amended Complaint is taken as true against The Loan Modification Shop, Ltd.; Ezra Rishty; and Casey Lynn Cohen, a/k/a Casey Lynn Collins.  Based on these facts, the Court finds that The Loan Modification Shop, Ltd.; Ezra Rishty; and Casey Lynn Cohen, a/k/a Casey Lynn Collins violated Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), in connection with the marketing, offering for sale, and sale of mortgage loan modification and foreclosure relief services.

12.     The Court further finds Defendant Ezra Rishty is an officer and director of, and did business as, The Loan Modification Shop, Ltd., and that he formulated, directed, controlled or participated in the acts and practices of The Loan Modification Shop, Ltd., including the acts and practices set forth in the Amended Complaint.

13.     The Court further finds Defendant Casey Lynn Cohen, a/k/a Casey Lynn Collins is an officer and director of, and did business as, The Loan Modification Shop, Ltd., and that she formulated, directed, controlled or participated in the acts and practices of The Loan Modification Shop, Ltd., including the acts and practices set forth in the Original Complaint.

14.     The Court further finds that on October 15, 2009, Defendant Ahron Henoch admitted in open court that he is the bookkeeper and involved in the business of The Loan Modification Shop, Ltd.  The record thus establishes that Defendant Ahron Henoch was involved in the business practices of The Loan Modification Shop, Ltd.,  and that he formulated, directed, controlled or participated in the corporate acts and practices of The Loan Modification Shop, Ltd., including the acts and practices set forth in the Amended Complaint.

15.     There is a reasonable likelihood that Defendants would engage in the same or similar activities as alleged in the FTC's Original Complaint and Amended Complaint unless permanently enjoined from such acts and practices.

16.     It is proper in this case to enter equitable monetary relief against Defendants for the consumer injury caused by their violations of the FTC Act, 15 U.S.C. § 45(a), and the Credit Repair Organizations Act, 15 U.S.C. §§ 1679-1679j.

17.     United Credit Adjusters, Inc.; United Credit Adjustors, Inc.; United Counseling Association, Inc.; Bankruptcy Masters Corp.; National Bankruptcy Services Corp.; Federal Debt Solutions, Ltd.; United Money Tree, Inc.; Ahron E. Henoch; and Ezra Rishty.  Based on these facts, the Court finds that the United Credit Adjusters, Inc.; United Credit Adjustors, Inc.; United Counseling Association, Inc.; Bankruptcy Masters Corp.; National Bankruptcy Services Corp.; Federal Debt Solutions, Ltd.; United Money Tree, Inc.; Ahron E. Henoch; and Ezra Rishty are liable for injunctive relief and are jointly and severally liable for the monetary relief entered in Section VII, below.

18.     The Loan Modification Shop, Ltd.; Ezra Rishty; and Casey Lynn Cohen, a/k/a Casey Lynn Collins are liable for injunctive relief and are jointly and severally liable for the monetary relief entered in SectionVII, below.

19.     This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

20.     As Defendants have failed to answer the Original Complaint or Amended Complaint, and as the corporate Defendants are not represented by counsel, **default judgment is GRANTED on Counts One through Six** against United Credit Adjusters, Inc.; United Credit Adjustors, Inc.; United Counseling Association, Inc.; Bankruptcy Masters Corp.; National Bankruptcy Services Corp.; Federal Debt Solutions, Ltd.; United Money Tree, Inc.; Ahron E. Henoch; and Ezra Rishty, and **default judgment is GRANTED on Count Seven** against the

The Loan Modification Shop, Ltd.; Ezra Rishty; and Casey Lynn Cohen, a/k/a Casey Lynn Collins.

21.     Entry of this Order is in the public interest.

## DEFINITIONS

For the purposes of this Order, the following definitions shall apply:

1.     "*Assisting Others*" includes, but is not limited to, providing any of the following goods or services to another person:  (A) performing customer service functions, including, but not limited to, receiving or responding to consumer complaints; (B) formulating or providing, or arranging for the formulation or provision of, any telephone sales script or any other marketing material, including but not limited to, the text of any Internet website, email, or other electronic communication; (C) providing names of, or assisting in the generation of, potential customers; (D) performing marketing services of any kind; or (E) acting or serving as an owner, officer, director, manager, or principal of any entity.

2.     "*Corporate Defendants*" means the Credit Repair Corporate Defendants and the Loan Modification Corporate Defendant.

3.     "*Credit*" means the right granted by a creditor to a debtor to defer payment of debt or to incur debt and defer its payment.

4.     "*Credit Repair Defendants*" means Credit Repair Corporate Defendants and Ahron E. Henoch and Ezra Rishty.  "*Credit Repair Corporate Defendants*" means United Credit Adjusters, Inc., also doing business as United Credit Adjustors and UCA; United Credit Adjustors, Inc., also doing business as United Credit Adjusters and UCA; United Counseling Association, Inc., also doing business as UCA; Bankruptcy Masters Corp.; National Bankruptcy

Services Corp.; Federal Debt Solutions, Ltd.; United Money Tree, Inc.; and their successors and assigns.

5.      *"Credit Repair Service"* means any service (whether or not covered by the Credit Repair Organizations Act, 15 U.S.C. §§ 1679-1679j), in return for payment of money or other valuable consideration, for the express or implied purpose of: (1) improving any consumer's credit record, credit history, or credit rating; or (2) providing advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating.

6.      *"Debt Relief Good or Service"* means any good, service, plan, or program, including debt management plans, debt settlement, debt negotiation, and For-Profit Credit counseling, represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more unsecured creditors, Servicers, or debt collectors, including but not limited to, a reduction in the balance, interest rate, or fees owed by a consumer to an unsecured creditor, Servicer, or debt collector.

7.      *"Default Defendants"* means all of the Individual Defendants and the Corporate Defendants individually, collectively, or in any combination.

8.      *"Federal Homeowner Relief or Financial Stability Program"* means any program (including its sponsoring agencies, telephone numbers, and Internet websites) operated or endorsed by the United States government to provide relief to homeowners or stabilize the economy, including but not limited to (A) the Making Home Affordable Program; (B) the Financial Stability Plan; (C) the Troubled Asset Relief Program and any other program sponsored or operated by the United States Department of the Treasury; (D) the HOPE for Homeowners program, any program operated or created pursuant to the Helping Families Save

Their Homes Act, and any other program sponsored or operated by the Federal Housing Administration; or (E) any program sponsored or operated by the United States Department of Housing and Urban Development ("HUD"), the HOPE NOW Alliance, the Homeownership Preservation Foundation, or any other HUD-approved housing counseling agency.

9.     "***Financial Related Good or Service***" means any good, service, plan, or program that is represented, expressly or by implication, to (A) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, Credit, debit, or stored value cards; (B) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, a loan or other extension of Credit; (C) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving, Debt Relief Goods or Services; (D) provide any consumer, arrange for any consumer to receive, or assist any consumer in receiving any service represented, expressly or by implication, to renegotiate, settle, or in any way alter the terms of payment or other terms of the debt between a consumer and one or more secured creditors, Servicers, or debt collectors.

10.    "***For-Profit***" means any activity organized to carry on business for the profit of the entity engaging in the activity or that of its members.

11.    "***Individual Defendants***" means Ahron E. Henoch; Ezra Rishty; and Casey Lynn Cohen, a/k/a Casey Lynn Collins.

12.    "***Loan Modification Defendants***" means Loan Modification Corporate Defendant and Ezra Rishty and Casey Lynn Cohen, a/k/a Casey Lynn Collins. "***Loan Modification Corporate Defendant***" means the Loan Modification Team Ltd., and its successors and assigns.

13.   *"Material Fact"* means any fact that is likely to affect a person's choice of, or conduct regarding, goods or services.

14.   *"Mortgage Loan Modification or Foreclosure Relief Service"* means any good, service, plan, or program that is represented, expressly or by implication, to assist a consumer in any manner to (A) stop, prevent, or postpone any home mortgage or deed of trust foreclosure sale; (B) obtain or arrange a modification of any term of a home loan, deed of trust, or mortgage; (C) obtain any forbearance from any mortgage loan holder or Servicer; (D) exercise any right of reinstatement of any mortgage loan; (E) obtain, arrange, or attempt to obtain or arrange any extension of the period within which the owner of property sold at foreclosure may cure his or her default or reinstate his or her obligation; (F) obtain any waiver of an acceleration clause contained in any promissory note or contract secured by a deed of trust or mortgage on a residence in foreclosure or contained in that deed of trust; (G) obtain a loan or advance of funds that is connected to the consumer's home ownership; (H) avoid or ameliorate the impairment of the consumer's credit record, credit history, or credit rating that is connected to the consumer's home ownership; (I) save the consumer's residence from foreclosure; (J) assist the consumer in obtaining proceeds from the foreclosure sale of the consumer's residence; (K) obtain or arrange a pre-foreclosure sale, short sale, or deed-in-lieu of foreclosure; (L) obtain or arrange a refinancing, recapitalization, or reinstatement of a home loan, deed of trust, or mortgage; (M) audit or examine a consumer's mortgage or home loan application; or (N) obtain, arrange, or attempt to obtain or arrange any extension of the period within which the renter of property sold at foreclosure may continue to occupy the property.  The foregoing shall include any manner of claimed assistance, including, but not limited to, debt, Credit, budget, or financial counseling;

-10-

receiving money for the purpose of distributing it to creditors; contacting creditors or Servicers on behalf of the consumer; and giving advice of any kind with respect to filing for bankruptcy.

15.     "*Person*" means a natural person, organization, or other legal entity, including a corporation, partnership, proprietorship, association, cooperative, or any other group or combination acting as an entity.

16.     "*Servicer*" means any beneficiary, mortgagee, trustee, loan servicer, loan holder, or other entity that performs loan or Credit account administration or processing services and/or its authorized agents.

## ORDER

### I.     BAN ON MORTGAGE LOAN MODIFICATION AND FORECLOSURE RELIEF SERVICES

**IT IS THEREFORE ORDERED** that the Individual Defendants and the Loan Modification Corporate Defendant, whether acting directly or through any other Person, are permanently restrained and enjoined from:

    A.     advertising, marketing, promoting, offering for sale, or selling any Mortgage Loan Modification or Foreclosure Relief Service; and

    B.     Assisting Others engaged in advertising, marketing, promoting, offering for sale, or selling any Mortgage Loan Modification or Foreclosure Relief Service.

### II.     BAN ON CREDIT REPAIR SERVICES

**IT IS FURTHER ORDERED** that the Individual Defendants and the Credit Repair Corporate Defendants, whether acting directly or through any other Person, are permanently restrained and enjoined from:

A.      advertising, marketing, promoting, offering for sale, or selling any Credit Repair

Services; and

B.      Assisting Others engaged in advertising, marketing, promoting, offering for sale,

or selling any Credit Repair Services.

**III.   PROHIBITED REPRESENTATIONS RELATING TO FINANCIAL RELATED GOODS AND SERVICES**

**IT IS FURTHER ORDERED** that Default Defendants and their successors, assigns,

officers, agents, servants, employees, and attorneys, and those Persons or entities in active

concert or participation with any of them who receive actual notice of this Order by personal

service, facsimile transmission, email, or otherwise, whether acting directly or through any

corporation, subsidiary, division, or other device, in connection with the advertising, marketing,

promotion, offering for sale or sale of any Financial Related Good or Service, are hereby

permanently restrained and enjoined from:

A.      misrepresenting or Assisting Others in misrepresenting, expressly or by

implication, any Material Fact, including but not limited to:

1.      the terms or rates that are available for any loan or other extension of

Credit, including but not limited to:

(a)      closing costs or other fees;

(b)      the payment schedule, the monthly payment amount(s), or other

payment terms, or whether there is a balloon payment; interest rate(s), annual percentage rate(s),

or finance charge; the loan amount, the amount of Credit, the draw amount, or outstanding

balance; the loan term, the draw period, or maturity; or any other term of Credit;

(c)      the savings associated with the Credit;

-12-

(d)     the amount of cash to be disbursed to the borrower out of the

proceeds, or the amount of cash to be disbursed on behalf of the borrower to any third parties;

(e)     whether the payment of the minimum amount specified each

month covers both interest and principal, and whether the Credit has or can result in negative

amortization;

(f)     that the Credit does not have a prepayment penalty or that no

prepayment penalty and/or other fees or costs will be incurred if the consumer subsequently

refinances; and

(g)     that the interest rate(s) or annual percentage rate(s) are fixed rather

than adjustable or adjustable rather than fixed;

2.     any aspect of any Debt Relief Good or Service, including but not limited

to, the amount of savings a consumer will receive from purchasing, using, or enrolling in such

Debt Relief Good or Service; the amount of time before which a consumer will receive

settlement of the consumer's debts; or the reduction or cessation of collection calls; and

3.     that a consumer will receive legal representation;

B.     advertising or Assisting Others in advertising Credit terms other than those terms

that actually are or will be arranged or offered by a creditor or lender.

## IV.     PROHIBITED REPRESENTATIONS RELATING TO ANY GOODS OR SERVICES

**IT IS FURTHER ORDERED** that Default Defendants and their successors, assigns,

officers, agents, servants, employees, and attorneys, and those Persons or entities in active

concert or participation with any of them who receive actual notice of this Order by personal

service, facsimile transmission, email, or otherwise, whether acting directly or through any

-13-

corporation, subsidiary, division, or other device, in connection with the advertising, marketing, promotion, offering for sale or sale of any good, service, plan, or program are hereby permanently restrained and enjoined from misrepresenting or Assisting Others in misrepresenting, expressly or by implication, any Material Fact, including but not limited to:

A.  any material aspect of the nature or terms of any refund, cancellation, exchange, or repurchase policy, including, but not limited to, the likelihood of a consumer obtaining a full or partial refund, or the circumstances in which a full or partial refund will be granted to the consumer;

B.  that any Person is affiliated with, endorsed or approved by, or otherwise connected to any other Person, government entity, any Federal Homeowner Relief or Financial Stability Program, or any other program;

C.  the total costs to purchase, receive, or use, and the quantity of, the good or service;

D.  any material restriction, limitation, or condition to purchase, receive, or use the good or service; and

E.  any material aspect of the performance, efficacy, nature, or characteristics of the good or service.

## V.   PROHIBITION ON COLLECTING ACCOUNTS

**IT IS FURTHER ORDERED** that Default Defendants and their agents, servants, employees, and attorneys, and Persons or entities in active concert or participation with them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, whether using their names or others, are permanently restrained and enjoined from

attempting to collect, collecting, selling, or assigning, or otherwise transferring any right to collect payment for any Credit Repair Services, Mortgage Loan Modification or Foreclosure Relief Services, Financial Related Goods or Services, or Debt Relief Goods or Services from any consumer who purchased or agreed to purchase Credit Repair Services, Mortgage Loan Modification or Foreclosure Relief Services, Financial Related Goods or Services, or Debt Relief Goods or Services, from any Defendant prior to entry of this order.

## VI.    ORDER PROVISION REGARDING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Default Defendants and their agents, servants, employees, and attorneys, and Persons or entities in active concert or participation with them who receive actual notice of this Order by personal service, facsimile transmission, email, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, whether using their names or others, are permanently restrained and enjoined from:

A.    disclosing, using, or benefitting from customer information, including the name, address, telephone number, email address, social security number, other identifying information, or any data that enables access to a customer's account (including a credit card, bank account, or other financial account), of any Person which Default Defendants obtained prior to entry of this Order in connection with the advertising, marketing, promotion, offering for sale or sale of any Credit Repair Service, Mortgage Loan Modification or Foreclosure Relief Service, Financial Related Good or Service, or Debt Relief Good or Service ;

B.    failing to dispose of such customer information in all forms in their possession, custody, or control within thirty (30) days after receipt of written authorization from the FTC.  Disposal shall be by means that protect against unauthorized

-15-

access to the customer information, such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the customer information cannot practicably be read or reconstructued;

*Provided, however*, that customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation or court order.

## VII.    MONETARY JUDGMENT

**IT IS FURTHER ORDERED** that:

A.    judgment is hereby entered in favor of the FTC and against the Credit Repair Defendants, jointly and severally, in the amount of seven million five hundred thousand and three hundred thirty-four dollars and fifty cents ($7,500,334.50), as equitable monetary relief for consumer injury;

B.    judgment is hereby entered in favor of the FTC and against the Loan Modification Defendants, jointly and severally, in the amount of thirty two thousand seven hundred ten dollars ($32,710); as equitable monetary relief for consumer injury;

C.    upon entry of this Order, these monetary judgments shall become immediately due and payable by the Credit Repair Defendants and Loan Modification Defendants, respectively, and interest, computed pursuant to 28 U.S.C. § 1961(a), as amended, immediately shall begin to accrue upon the unpaid balance;

D.    all funds paid pursuant to this Section and Section VIII below shall be made by wire transfer in accord with directions provided by the Commission, or as otherwise agreed to by the Commission;

E.      all funds paid pursuant to this Section and Section VIII, except for the funds paid

to Extra Space Storage pursuant to Section VIII below, shall be deposited into a

fund administered by the Commission or its agent to be used for equitable relief,

including but not limited to consumer redress and any attendant expenses for the

administration of such equitable relief fund.  If the Commission determines, in its

sole discretion, that redress to consumers is wholly or partially impracticable or

funds remain after redress is completed, the Commission may apply any

remaining funs for such other equitable relief (including consumer information

remedies) as it determines to be reasonably related to Default Defendants'

practices alleged in the Original and Amended Complaints.  Any funds not used

for such equitable relief shall be deposited to the United States Treasury as

disgorgement.  Default Defendants shall have no right to challenge the

Commission's choice of remedies under this Section.  This judgment for

equitable monetary relief is solely remedial in nature and is not a fine, penalty,

punitive assessment, for forfeiture; and

F.      in accordance with 31 U.S.C. § 7701, each Defendant is hereby required, unless

that Defendant has done so already, to furnish the FTC the Defendant's taxpayer

identifying number (social security number or employer identification number),

which shall be used for purposes of collecting and reporting on any delinquent

amount arising out of that Defendant's relationship with the government.

**VIII.   TURNOVER OF ASSETS HELD BY THIRD PARTIES**

        **IT IS FURTHER ORDERED** that in order to partially satisfy the monetary judgments

set forth in Section VII above, any law firm, financial or brokerage institution, escrow agent, title

company, commodity trading company, automated clearing house, payment processor, business

entity, or Person served with a copy of this Order, that holds, controls or maintains custody of

any account or asset of, on behalf of, or for the benefit of Default Defendants, or has held,

controlled, or maintained custody of any account or asset of, on behalf of, or for the benefit of

Default Defendants, shall turn over such asset or all funds to the Commission within ten (10)

business days of receiving notice of this Order by any means, including but not limited to via

facsimile.

     ***Provided, however***, that the FTC is authorized to direct any law firm, financial or

brokerage institution, escrow agent, title company, commodity trading company, automated

clearing house, payment processor, business entity, or Person served with a copy of this Order,

that holds, controls or maintains custody of any account or asset of, on behalf of, or for the

benefit of Default Defendants, or has held, controlled, or maintained custody of any account or

asset of, on behalf of, or for the benefit of Default Defendants, to transfer designated funds to

Extra Space Storage, Inc., located in Howell, New Jersey, in order pay reasonable expenses

related to the storage and destruction of Default Defendants' business documents held in Units

291 and 293 in Howell, New Jersey, including but not limited to contracts with consumers,

consumer reports, and documents containing sensitive customer information, such as, but not

limited to, social security numbers, dates of birth, and financial account numbers.

## IX.    COMPLIANCE MONITORING

     **IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating

compliance with any provision of this Order:

     A.    within ten (10) days of receipt of written notice from a representative of the FTC,

          Default Defendants each shall submit additional written reports, which are true

and accurate and sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in each Defendant's possession or direct or indirect control to inspect the business operation;

B.    in addition, the FTC is authorized to use all other lawful means, including but not limited to:

    1.    obtaining discovery from any Person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45 and 69;

    2.    having its representatives pose as consumers and suppliers to Default Defendants, their employees, or any other entity managed or controlled in whole or in part by any Defendant, without the necessity of identification or prior notice; and

C.    Default Defendants each shall permit representatives of the FTC to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order.  The person interviewed may have counsel present.

*Provided, however,* that nothing in this Order shall limit the FTC's lawful use of compulsory process pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to obtain any documentary material, tangible things, testimony, or other information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

**X.      COMPLIANCE REPORTING BY Default Defendants**

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this

Order may be monitored:

A.      for a period of five (5) years from the date of entry of this Order,

1.      each Individual Defendant shall notify the Commission of the following:

a.      any changes in such Defendant's residence, mailing address, and

telephone numbers, within ten (10) days of the date of such

change;

b.      any changes in such Defendant's employment status (including

self-employment), and any changes in such Defendant's ownership

in any business entity within ten (10) business days of the date of

such change.  Such notice shall include the name and address of

each business that such Defendant is affiliated with, employed by,

creates or forms, or performs services for; a detailed description of

the nature of the business; and a detailed description of such

Defendant's duties and responsibilities in connection with the

business or employment;

c.      any changes in such Defendant's name or use of any aliases or

fictitious names within ten (10) business days of the date of such

change;

2.      Default Defendants shall notify the Commission of any changes in

structure of any Corporate Defendant or any business entity that any

Defendant directly or indirectly controls, or has an ownership interest in,

-20-

that may affect compliance obligations arising under this Order, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, ***provided that***, with respect to any such change in the business entity about which a Defendant learns less than thirty (30) days prior to the date such action is to take place, such Defendant shall notify the FTC as soon as is practicable after obtaining such knowledge.

B.     one hundred eighty days (180) days after the date of entry of this Order and annually thereafter for a period of eight (8) years, Default Defendants each shall provide a written report to the FTC, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which they have complied and are complying with this Order.  This report shall include, but not be limited to:

1.     for each Individual Defendant:

a.     such Defendant's then-current residence address, mailing address, and telephone numbers;

b.     such Defendant's then-current employment status (including self-employment), including the name, address, and telephone numbers of each business that such Defendant is affiliated with, employed by, or performs services for; a detailed description of the nature of

the business; and a detailed description of such Defendant's duties and responsibilities in connection with the business or employment; and

      c.    any other changes required under Subsection A of this Section.

    2.    for all Default Defendants:

      a.    a copy of each acknowledgment of receipt of this Order, obtained pursuant to the Section titled "Distribution of Order;"

      b.    any other changes required to be reported under Subsection A of this Section.

C.    each Defendant shall notify the FTC of the filing of a bankruptcy petition by such Defendant within fifteen (15) days of filing.

D.    for the purposes of this Order, Default Defendants shall, unless otherwise directed by the FTC's authorized representatives, send by overnight courier all reports and notifications required by this Order to the Commission, to the following address

> Associate Director for Enforcement
> Bureau of Consumer Protection
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W.
> Washington D.C. 20580
> Re: *FTC v. United Credit Adjusters, et al.*,
> Civ. No. 3:09-cv-00798 (D. N.J. Feb. 24, 2009)

***Provided that,*** in lieu of overnight courier, Default Defendants may send such reports or notifications by first-class mail, but only if Default Defendants contemporaneously send an electronic version of such report or notification to the FTC at DEBrief@ftc.gov.

E.    for purposes of compliance reporting and monitoring required by this Order, the FTC is authorized to communicate directly with each Defendant.

## XI.    RECORDKEEPING

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry

this Order, the Corporate Defendants, and the Individual Defendants for any business for which

they, individually or collectively, are the majority owner or directly or indirectly control, are

hereby restrained and enjoined from failing to create and retain the following records:

A.    accounting records that reflect the costs of goods or services sold, revenues

generated, and the disbursement of such revenues;

B.    personnel records accurately reflecting: the name, address, and telephone number

of each Person employed in any capacity by such business, including as an

independent contractor; that Person's job title or position; the date upon which the

Person commenced work; and the date and reason for the Person's termination, if

applicable;

C.    customer files containing the names, addresses, phone numbers, dollar amounts

paid, quantity of items or services purchased, and description of items or services

purchased, to the extent such information is obtained in the ordinary course of

business;

D.    Complaints and refund requests (whether received directly or indirectly, such as

through a third party,) and any responses to those complaints or requests;

E.    copies of all sales scripts, training materials, advertisements, or other marketing

materials; and

F.    all records and documents necessary to demonstrate full compliance with each

provision of this Order, including but limited to, copies of acknowledgments of

receipt of this Order required by the Sections titled "Distribution of Order" and

"Acknowledgment of Receipt of Order" and all reports submitted to the FTC

pursuant to the Section titled "Compliance Reporting."

## XII.   DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry

of this Order, Default Defendants shall deliver copies of the Order as directed below:

A.   **Corporate Defendant**: Each Corporate Defendant must delivery a copy of this

Order to (1) all of its principals, officers, directors, and managers; (2) all of its

employees, agents, and representatives who engage in conduct related to the

subject matter of the Order; and (3) any business entity resulting from any change

in structure set forth in Subsection A.2 of the Section titled "Compliance

Reporting."  For current personnel, delivery shall be within five (5) days of

service of this Order upon such Defendant.  For new personnel, delivery shall

occur prior to them assuming their responsibilities.  For any business entity

resulting from any change in structure set forth in Subsection A.2 of the Section

titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the

change in structure.

B.   **Individual Defendant as a control person**: For any business entity that an

Individual Defendant controls, directly or indirectly, or in which such Defendant

has a majority ownership interest, such Defendant must deliver a copy of this

Order to (1) all principals, officers, directors, and managers of that business; (2)

all employees, agents, and representatives of that business who engage in conduct

related to the subject matter of the Order; and (3) any business entity resulting

from any change in structure set forth in Subsection A.2 of the Section titled

"Compliance Reporting."  For current personnel, delivery shall be within five (5) days of service of this Order upon such Defendant.  For new personnel, delivery shall occur prior to them assuming responsibilities.  For any business entity resulting from any change in structure set forth in Section A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

C.    **Individual Defendant as employee or non-control person**: For any business where an Individual Defendant is not a controlling person of a business but otherwise engages in conduct related to the subject matter of this Order, such Defendant must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

D.    Default Defendants must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all Persons receiving a copy of the Order pursuant to this Section.

## XIII.  ACKNOWLEDGMENT OF RECEIPT OF ORDER

**IT IS FURTHER ORDERED** that each Defendant, withing five (5) business days of receipt of this Order as entered by the Court, must submit to the FTC a truthful sworn statement acknowledging receipt of this Order.

## XIV.  SEVERABILITY

**IT IS FURTHER ORDERED** that the provisions of this Order are separate and severable from one another.  If any provision is stayed or determined to be invalid, the remaining provisions shall remain in full force and effect.

-25-

## XV.   RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for

purposes of construction, modification, and enforcement of this Order.


**IT IS SO ORDERED.**

DATED this 4th day of Feb. _____, 2010.

_____

**HON. JOEL A. PISANO**
**United States District Court Judge**

-26-