**RECEIVED**

**SEP 17 2010**

AT 8:30_____M
WILLIAM T. WALSH
CLERK

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| FEDERAL TRADE COMMISSION,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>UNITED CREDIT ADJUSTERS, INC., et al.,<br><br>　　　　　　　　　　Defendants. | Civil Action No. 09-798 (JAP)<br><br>Hon. Joel A. Pisano |

**STIPULATED FINAL JUDGMENT AND ORDER
FOR PERMANENT INJUNCTION
AS TO DEFENDANT GERALD SERINO**

Plaintiff, Federal Trade Commission ("Commission"), filed a Complaint for Injunctive and Other Equitable Relief ("Original Complaint") pursuant to Sections 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 53(b) and 57b, and Section 410(b) of the Credit Repair Organizations Act, 15 U.S.C. § 1679h(b), to obtain temporary, preliminary, and permanent injunctive relief, rescission of contracts and restitution, disgorgement of ill-gotten gains, and other equitable relief against United Credit Adjusters, Inc., also d/b/a United Credit Adjustors and UCA; United Credit Adjustors, Inc., also d/b/a United Credit Adjusters and UCA; United Counseling Association, Inc., also d/b/a UCA; Bankruptcy Masters Corp.; National Bankruptcy Services Corp.; Federal Debt Solutions Ltd.; United Money Tree, Inc.; Ahron E. Henoch, also d/b/a United Credit Adjusters, Inc., Bankruptcy Masters Corp., and Federal Debt Solutions Ltd., individually and as an officer or director of United Credit Adjusters, Inc., United Credit Adjustors, Inc., United Counseling Association, Inc., Bankruptcy Masters Corp., National Bankruptcy Services Corp., Federal Debt Solutions Ltd., and United Money Tree, Inc.; Ezra Rishty, also d/b/a United Credit Adjusters, Inc., and Bankruptcy Masters Corp., and individually

and as an officer or director of United Credit Adjusters, Inc., and Bankruptcy Masters Corp.; and Gerald Serino, a/k/a Jerry Serino, also d/b/a United Credit Adjusters, Inc., and individually and as an officer or director of United Credit Adjusters, Inc., for engaging in deceptive acts or practices in connection with the advertising, marketing, promotion, offering for sale, sale, or provision of credit repair services in violation of Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), and in violation of multiple sections of the Credit Repair Organizations Act, 15 U.S.C. §§ 1679-1679j.

On August 4, 2009, the Commission filed an Amended Complaint for Injunctive and Other Equitable Relief ("Amended Complaint"), adding The Loan Modification Shop, Ltd., and Casey Lynn Cohen, a/k/a Casey Lynn Collins, as defendants. The Amended Complaint, which reiterated the allegations in the Original Complaint, also alleged that The Loan Modification Shop, Ltd., and Casey Lynn Cohen, a/k/a Casey Lynn Collins, along with Ezra Rishty, deceptively operated a loan modification business. The Amended Complaint did not allege that Gerald Serino, a/k/a Jerry Serino ("Gerald Serino"), was involved with the loan modification business.

On October 14, 2009, the Clerk of Courts, upon the request of the FTC, entered default against all of the defendants to this action, except Defendant Gerald Serino, for their failure to appear and answer the Original and Amended Complaints. On February 4, 2010, the Court entered default judgment against all of the defendants to this action, except Defendant Gerald Serino.

Being fully advised in the premises and acting upon the joint motion of the parties to enter this Order,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

## FINDINGS

1. This Court has jurisdiction over the subject matter of this case and the party hereto pursuant to 15 U.S.C. §§ 45(a) and 53(b), and 28 U.S.C. §§ 1331, 1337(a), and 1345.

2. The Amended Complaint states a claim upon which relief may be granted against Defendant Gerald Serino under Sections 5, 13(b), and 19 of the FTC Act, 15 U.S.C. §§ 45, 53(b), and 57b, and Section 410(b) of the Credit Repair Organizations Act, 15 U.S.C. § 1679h(b). United Credit Adjusters, Inc., is a "credit repair organization," as that term is defined in Section 403(3) of the Credit Repair Organizations Act, 15 U.S.C. § 1679a(3).

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and 15 U.S.C. § 53(b).

4. The activities of Defendant Gerald Serino are "in or affecting commerce" as "commerce" is defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

5. Defendant Gerald Serino has read and fully understands the Amended Complaint against him and the provisions of this Order, and freely enters into this Stipulated Final Judgment and Order for Permanent Injunction ("Order").

6. Defendant Gerald Serino waives: (a) all rights to seek judicial review or otherwise challenge or contest the validity of this Order; (b) any claim that he may have against the Commission, its employees, representatives, or agents; (c) all claims under the Equal Access to Justice Act, 28 U.S.C. § 2412; and (d) any rights to attorney's fees that may arise under said provision of law. The Commission and Defendant Gerald Serino shall each bear their own costs and attorney's fees incurred in this action.

7. This Order is in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law.

8. Plaintiff and Defendant Gerald Serino, by and through their attorneys, have agreed to entry of this Order by this Court in order to resolve all claims against Defendant Gerald Serino in this action. Plaintiff and Defendant Gerald Serino have consented to entry of this Order without trial or adjudication of any issue of law or fact herein and without Defendant Gerald Serino admitting liability for any of the violations alleged in the Complaint.

9. Entry of this Order is in the public interest.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

A. "**Assets**" means any legal or equitable interest in, right to, or claim to, any real and personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," "notes" (as these terms are defined in the Uniform Commercial Code), and all chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and cash, wherever located.

B. "**Assisting Others**" includes, but is not limited to: (1) performing customer service functions, including receiving or responding to consumer complaints; (2) formulating or providing, or arranging for the formulation or provision of, any marketing material; (3) providing names of, or assisting in the generation of, potential Customers; or (4) performing marketing or billing services of any kind.

C. "**Corporate Defendants**" means United Credit Adjusters, Inc., also d/b/a United Credit Adjustors and UCA; United Credit Adjustors, Inc., also d/b/a United Credit Adjusters and UCA; United Counseling Association, Inc., also d/b/a UCA; Bankruptcy Masters Corp.;

National Bankruptcy Services Corp.; Federal Debt Solutions Ltd.; United Money Tree, Inc.; and their successors and assigns.

D. **"Credit Repair Organization"** shall have the meaning ascribed to that term in Section 403(3) of the Credit Repair Organizations Act, 15 U.S.C. § 1679a(3). A complete copy of the Credit Repair Organizations Act, 15 U.S.C. §§ 1679-1679j, is attached hereto as Attachment A.

E. **"Credit Repair Defendants"** means Corporate Defendants; Ahron E. Henoch, also d/b/a United Credit Adjusters, Inc., Bankruptcy Masters Corp., and Federal Debt Solutions Ltd., individually and as an officer or director of United Credit Adjusters, Inc., United Credit Adjustors, Inc., United Counseling Association, Inc., Bankruptcy Masters Corp., National Bankruptcy Services Corp., Federal Debt Solutions Ltd., and United Money Tree, Inc.; Ezra Rishty, also d/b/a United Credit Adjusters, Inc., and Bankruptcy Masters Corp., and individually and as an officer or director of United Credit Adjusters, Inc., and Bankruptcy Masters Corp.; and Gerald Serino, a/k/a Jerry Serino, also d/b/a United Credit Adjusters, Inc., and individually as an officer or director of United Credit Adjusters, Inc.

F. **"Credit Repair Service"** means any service, in return for payment of money or other valuable consideration, for the express or implied purpose of: (1) improving any consumer's credit record, credit history, or credit rating; or (2) providing advice or assistance to any consumer with regard to any activity or service the purpose of which is to improve a consumer's credit record, credit history, or credit rating.

G. **"Customer"** means any person who has paid, or may be required to pay, for goods or services offered for sale or sold by the Credit Repair Defendants.

-5-

H.  "**Defendant Gerald Serino**" means Gerald Serino, a/k/a Jerry Serino, also d/b/a United Credit Adjusters, Inc., and individually and as an officer or director of United Credit Adjusters, Inc.

I.  "**Document**" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which the information can be obtained and translated, if necessary, through detection devices into reasonably usable form. A draft or non-identical copy is a separate document within the meaning of the term.

J.  "**Person**" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

K.  "**Plaintiff**" means the Federal Trade Commission, FTC, or Commission.

### ORDER

### I. PROHIBITED BUSINESS ACTIVITIES PURSUANT TO THE FEDERAL TRADE COMMISSION ACT

**IT IS HEREBY ORDERED** that, in connection with the advertising, marketing, promotion, offering for sale, sale, or provision of any good or service, including, but not limited to, any Credit Repair Service, Defendant Gerald Serino, and his agents, servants, employees, attorneys, and all other Persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate, or other device, whether using his name or others, are hereby permanently restrained and enjoined from misrepresenting, or Assisting

Others in misrepresenting, expressly or by implication, any material fact, including, but not limited to:

    A.    that Defendant Gerald Serino can or will improve substantially consumers' credit reports, profiles or scores by lawfully and permanently removing negative information from consumers' credit reports, even where such information is accurate and not obsolete;

    B.    the ability to otherwise improve or otherwise affect a consumer's credit report or profile or ability to obtain credit;

    C.    the total cost to purchase, receive, or use the goods or services;

    D.    any material restrictions, limitations, or conditions to purchase, receive, or use the goods or services;

    E.    any material aspect of the nature or terms of a refund, cancellation, exchange, or repurchase policy for the goods or services; or

    F.    any material aspect of the performance, efficacy, nature, or central characteristics of the goods or services.

## II. PROHIBITED BUSINESS ACTIVITIES PURSUANT TO THE CREDIT REPAIR ORGANIZATIONS ACT

**IT IS FURTHER ORDERED** that, in connection with the advertising, marketing, promotion, offering for sale, sale, or provision of any Credit Repair Service to consumers, Defendant Gerald Serino, and his agents, servants, employees, attorneys, and all other Persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate, or other device, whether using his name or others, are hereby permanently

restrained and enjoined from violating, or Assisting Others in violating, the Credit Repair Organizations Act, 15 U.S.C. §§ 1679-1679j, including, but not limited to:

A. by making or using untrue or misleading representations to induce consumers to purchase their services, including, but not limited to, misrepresenting that a Credit Repair Organization can or will improve substantially consumers' credit reports, profiles or scores by lawfully and permanently removing negative information from consumers' credit reports, even where such information is accurate and not obsolete, in violation of Section 404(a)(3), 15 U.S.C. § 1679b(a)(3);

B. by charging or receiving money or other valuable consideration for the performance of Credit Repair Services, before such services are fully performed, in violation of Section 404(b), 15 U.S.C. § 1679b(b);

C. by failing to provide a written statement of a consumer's credit file rights, in the form and manner required by the Credit Repair Organizations Act, to each consumer before any contract or agreement is executed, in violation of Section 405, 15 U.S.C. § 1679c;

D. by failing to include in their contract or agreement conspicuous statements regarding the consumer's right to cancel the contract without penalty or obligation at any time before the third business day after the date on which the consumer signed the contract or agreement, in violation of Section 406(b)(4), 15 U.S.C. § 1679d(b)(4); or

E. by failing to provide a written "Notice of Cancellation," in the form and manner required by the Credit Repair Organizations Act, to each consumer before any contract or agreement is executed, in violation of Section 407(b), 15 U.S.C. § 1679e(b).

### III. PROHIBITION ON COLLECTING ACCOUNTS

**IT IS FURTHER ORDERED** that Defendant Gerald Serino, and his agents, servants, employees, attorneys, and all other Persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate, or other device, whether using his name or others, are hereby permanently restrained and enjoined from attempting to collect, collecting, selling, or assigning, or otherwise transferring any right to collect payment from any consumer who purchased or agreed to purchase any Credit Repair Service from any Credit Repair Defendant prior to entry of this Order.

### IV. PROHIBITION REGARDING CUSTOMER INFORMATION

**IT IS FURTHER ORDERED** that Defendant Gerald Serino, and his agents, servants, employees, attorneys, and all other Persons in active concert or participation with him who receive actual notice of this Order by personal service or otherwise, whether acting directly or through any entity, corporation, subsidiary, division, affiliate, or other device, whether using his name or others, are hereby permanently restrained and enjoined from:

A.  disclosing, using, or benefitting from Customer information, including the name, address, telephone number, email address, social security number; other identifying information, or any data that enables access to a Customer's account (including a credit card, bank account, or other financial account), of any Person which any Credit Repair Defendant obtained prior to entry of this Order in connection with the advertising, marketing, promotion, offering for sale, sale, or provision of any Credit Repair Service; and

B.  failing to dispose of such Customer information in all forms in their possession, custody, or control within thirty (30) days after entry of this Order. Disposal shall be by means

-9-

that protect against unauthorized access to the Customer information such as by burning, pulverizing, or shredding any papers, and by erasing or destroying any electronic media, to ensure that the Customer information cannot practicably be read or reconstructed. *Provided, however,* that Customer information need not be disposed of, and may be disclosed, to the extent requested by a government agency or required by a law, regulation, or court order.

## V. EQUITABLE MONETARY RELIEF

IT IS FURTHER ORDERED that:

A. judgment for equitable monetary relief is hereby entered against Defendant Gerald Serino, jointly and severally with the Credit Repair Defendants, in the amount of seven million, five hundred thousand, and three hundred thirty-four dollars and fifty cents ($7,500,334.50), *provided, however,* that this judgment as to Defendant Gerald Serino shall be suspended and, subject to the conditions set forth in Section VI below, deemed satisfied.

B. any funds paid pursuant to this Section shall be deposited into a fund administered by the Commission or its agent to be used for equitable relief, including but not limited to, consumer redress, and any attendant expenses for the administration of such equitable relief. If the Commission determines in its sole discretion that redress to consumers is wholly or partially impracticable or funds remain after redress is completed, the Commission may apply any remaining funds for such other equitable relief (including consumer information remedies) as it determines to be reasonably related to the practices alleged in the Complaint. Any funds not used for such equitable relief shall be deposited to the United States Treasury as disgorgement. Defendant Gerald Serino shall have no right to challenge the Commission's choice of remedies under this paragraph.

C. Defendant Gerald Serino relinquishes all dominion, control, and title to the funds paid to the fullest extent permitted by law. Defendant Gerald Serino shall make no claim to or demand for return of the funds, directly or indirectly, through counsel or otherwise.

D. Defendant Gerald Serino agrees that the facts as alleged in the Amended Complaint filed in this action shall be taken as true without further proof in any bankruptcy case or subsequent civil litigation pursued by the Commission to enforce its rights to any payment or money judgment pursuant to this Order, including, but not limited to, a nondischargeability complaint in any bankruptcy case. Defendant Gerald Serino further stipulates and agrees that the facts alleged in the Amended Complaint establish all elements necessary to sustain an action pursuant to Section 523(a)(2)(A) of the Bankruptcy Code, 11 U.S.C. § 523(a)(2)(A), and that this Order shall have collateral estoppel effect for such purposes;

E. the judgment entered pursuant to this Section of this Order is equitable monetary relief, solely remedial in nature, and not a fine, penalty, punitive assessment or forfeiture;

F. in accordance with 31 U.S.C. § 7701, Defendant Gerald Serino is hereby required, unless he already has done so, to furnish to the Commission taxpayer identifying numbers (social security numbers or employer identification numbers), which shall be used for purposes of collecting and reporting on any delinquent amount arising out of his relationship with the government; and

G. proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

## VI. RIGHT TO REOPEN

**IT IS FURTHER ORDERED** that:

A. Plaintiff's agreement to this Order is expressly premised upon the truthfulness, accuracy, and completeness of Defendant Gerald Serino's financial condition, as represented in the financial statements of Defendant Gerald Serino dated April 24, 2009 and October 14, 2009 and updated on April 29, 2010, and Defendant Gerald Serino's tax information sent with a cover letter dated May 19, 2009 (collectively "Financial Statements"), which contains material information upon which Plaintiff relied in negotiating and agreeing to the terms of this Order;

B. if, upon motion by the FTC to the Court, the Court finds that Defendant Gerald Serino, in any of the above-referenced Financial Statements, failed to disclose any material Asset, materially misrepresented the value of any Asset, or made any other material misrepresentation, the suspension shall be lifted on the monetary judgment in Section V.A, above, and that judgment amount, less any payments already made to the Commission, shall be immediately due and payable. *Provided, however*, that in all other respects, this Order shall remain in full force and effect, unless otherwise ordered by the Court; and

C. proceedings instituted under this Section are in addition to, and not in lieu of, any other civil or criminal remedies that may be provided by law, including any other proceedings the Commission may initiate to enforce this Order.

## VII. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of (i) monitoring and investigating compliance with any provision of this Order, and (ii) investigating the accuracy of Defendant Gerald Serino's Financial Statements upon which the Commission's agreement to this Order is expressly premised:

Case 3:09-cv-00798-JAP-LHG Document 77-1 Filed 09/10/10 Page 13 of 20 PageID: 1138

A. within ten (10) business days of receipt of written notice from a representative of the Commission, Defendant Gerald Serino shall submit additional written reports, which are true and accurate and sworn to under penalty of perjury; produce Documents for inspection and copying; appear for deposition; and provide entry during normal business hours to any business location in Defendant Gerald Serino's possession or direct or indirect control to inspect the business operation;

B. in addition, the Commission is authorized to use all other lawful means, including but not limited to:

1. obtaining discovery from any Person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, 45, and 69;

2. having its representatives pose as consumers and suppliers to Defendant Gerald Serino, his employees, or any other entity managed or controlled in whole or in part by Defendant Gerald Serino, without the necessity of identification or prior notice; and

C. Defendant Gerald Serino shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The Person interviewed may have counsel present.

*Provided, however,* that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49 and 57b-1, to obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## VIII. COMPLIANCE REPORTING

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

    A.    for a period of five (5) years from the date of entry of this Order,

        1.    Defendant Gerald Serino shall notify the Commission of the following:

            a.    any changes in Defendant Gerald Serino's residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

            b.    any changes in Defendant Gerald Serino's employment status (including self-employment), and any change in Defendant Gerald Serino's ownership in any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business that Defendant Gerald Serino is affiliated with, employed by, creates or forms, or performs services for; a detailed description of the nature of the business; and a detailed description of Defendant Gerald Serino's duties and responsibilities in connection with the business or employment; and

            c.    any changes in Defendant Gerald Serino's name or use of any aliases or fictitious names within ten (10) days of the date of such change;

        2.    Defendant Gerald Serino shall notify the Commission of any changes in structure of any Corporate Defendant or any business entity that Defendant Gerald Serino

-14-

Case 3:09-cv-00798-JAP-LHG   Document 79   Filed 09/20/10   Page 15 of 20 PageID: 1183
Case 3:09-cv-00798-JAP-LHG   Document 77-1   Filed 09/10/10   Page 15 of 20 PageID: 1140

directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to: incorporation or other organization; a dissolution, assignment, sale, merger, or other action; the creation or dissolution of a subsidiary, parent, or affiliate that engages in any acts or practices subject to this Order; or a change in the business name or address, at least thirty (30) days prior to such change, *provided* that, with respect to any proposed change in the business entity about which Defendant Gerald Serino learns less than thirty (30) days prior to the date such action is to take place, Defendant Gerald Serino shall notify the Commission as soon as is practicable after obtaining such knowledge.

B. one hundred eighty (180) days after the date of entry of this Order and annually thereafter for a period of five (5) years, Defendant Gerald Serino shall provide a written report to the Commission, which is true and accurate and sworn to under penalty of perjury, setting forth in detail the manner and form in which he has complied and is complying with this Order. This report shall include, but not be limited to:

1. Defendant Gerald Serino's then-current residence address, mailing addresses, and telephone numbers;

2. Defendant Gerald Serino's then-current employment status (including self-employment), including the name, addresses, and telephone numbers of each business that Defendant Gerald Serino is affiliated with, employed by, or performs services for; a detailed description of the nature of the business; and a detailed description of Defendant Gerald Serino's duties and responsibilities in connection with the business or employment;

3. a copy of each acknowledgment of receipt of this Order, obtained pursuant to the Section titled "Distribution of Order;" and

    4.    any other changes required to be reported under Subsection A of this Section.

    C.    Defendant Gerald Serino shall notify the Commission of the filing of a bankruptcy petition by Defendant Gerald Serino within fifteen (15) days of filing.

    D.    for the purposes of this Order, Defendant Gerald Serino shall, unless otherwise directed by the Commission's authorized representatives, send by overnight courier all reports and notifications required by this Order to the Commission to the following address:

> Associate Director for Enforcement
> Bureau of Consumer Protection
> Federal Trade Commission
> 600 Pennsylvania Avenue, N.W.
> Washington, D.C. 20580
> RE: *FTC v. United Credit Adjusters, Inc., et al.*,
> Matter No. X090024

**Provided**, that, in lieu of overnight courier, Defendant Gerald Serino may send such reports or notifications by first-class mail, but only if Defendant Gerald Serino contemporaneously sends an electronic version of such report or notification to the Commission at DEBrief@ftc.gov.

    E.    for purposes of the compliance reporting and monitoring required by this Order, the Commission is authorized to communicate directly with Defendant.

## IX. RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of eight (8) years from the date of entry of this Order, Defendant Gerald Serino for any business which he is the majority owner of the business or directly or indirectly controls, is hereby restrained and enjoined from failing to create and retain the following records:

    A.    accounting records that reflect the cost of goods or services sold, revenues generated, and the disbursement of such revenues;

B. personnel records accurately reflecting: the name, address, and telephone number of each Person employed in any capacity by such business, including as an independent contractor; that Person's job title or position; the date upon which the Person commenced work; and the date and reason for the Person's termination, if applicable;

C. Customer files containing the names, addresses, phone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D. complaints and refund requests (whether received directly, indirectly, or through any third party) and any responses to those complaints or requests;

E. copies of all sales scripts, training materials, advertisements, direct mail solicitations, contracts sent to consumers, or other marketing materials; and

F. all records and Documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to, copies of acknowledgments of receipt of this Order required by the Sections titled "Distribution of Order" and "Acknowledgment of Receipt of Order" and all reports submitted to the FTC pursuant to the Section titled "Compliance Reporting."

## X. DISTRIBUTION OF ORDER

**IT IS FURTHER ORDERED** that, for a period of five (5) years from the date of entry of this Order, Defendant Gerald Serino must deliver copies of this Order as directed below:

A. **Defendant Gerald Serino as control Person:** For any business that Defendant Gerald Serino controls, directly or indirectly, or in which Defendant Gerald Serino has a majority ownership interest, Defendant Gerald Serino must deliver a copy of this Order to (1) all principals, officers, directors, and managers of that business; (2) all employees, agents, and

-17-

representatives of that business who engage in conduct related to the subject matter of the Order; and (3) any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting." For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant Gerald Serino. For new personnel, delivery shall occur prior to them assuming their responsibilities. For any business entity resulting from any change in structure set forth in Subsection A.2 of the Section titled "Compliance Reporting," delivery shall be at least ten (10) days prior to the change in structure.

B. **Defendant Gerald Serino as employee or non-control Person:** For any business where Defendant Gerald Serino is not a controlling Person of a business but otherwise engages in conduct related to the subject matter of this Order, Defendant Gerald Serino must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct.

C. Defendant Gerald Serino must secure a signed and dated statement acknowledging receipt of the Order, within thirty (30) days of delivery, from all Persons receiving a copy of the Order pursuant to this Section.

XI. ACKNOWLEDGMENT OF RECEIPT OF ORDER

IT IS FURTHER ORDERED that Defendant Gerald Serino, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order.

XII. COOPERATION WITH FTC COUNSEL

IT IS FURTHER ORDERED that Defendant Gerald Serino shall, in connection with this action or any subsequent investigations related to or associated with the transactions or the occurrences that are the subject of the FTC's Amended Complaint, cooperate in good faith with

the FTC and appear at such places and times as the FTC shall reasonably request, after written notice, for interviews, conferences, pretrial discovery, review of Documents, and for such other matters as may be reasonably requested by the FTC. If requested in writing by the FTC, Defendant Gerald Serino shall appear and provide truthful testimony in any trial, deposition, or other proceeding related to or associated with the transactions or the occurrences that are the subject of the Complaint, without the service of a subpoena.

## XIII. RETENTION OF JURISDICTION

IT IS FURTHER ORDERED that this Court shall retain jurisdiction of this matter for purposes of construction, modification, and enforcement of this Order.

IT IS SO ORDERED.

DATED this 17 day of Sept, 2010.

_____
HON. JOEL A. PISANO
United States District Court Judge

-19-

STIPULATED AND AGREED TO BY:

*[signature]*

GERALD SERINO,
a/k/a Jerry Serino,
also d/b/a United Credit Adjusters, Inc.,
individually and as an officer or director of
United Credit Adjusters, Inc.

Date: 6/18/10

AGREED AS TO FORM:

*[signature]*

RICHARD C. SCIRIA
Law Office of Richard C. Sciria
55 North Bridge Avenue, Suite 5
Red Bank, New Jersey 07701
Phone 732-842-7900
Fax 732-842-7905
Email Richard.Sciria.Esq@verizon.net

Date: 6/18/10

FOR PLAINTIFF
FEDERAL TRADE COMMISSION:

WILLARD K. TOM
General Counsel

*[signature]*

SARA C. DEPAUL (OH Bar 0077829)
LARISSA L. BUNGO (OH Bar 0066148)
Attorneys for Plaintiff
Federal Trade Commission
1111 Superior Avenue, Suite 200
Cleveland, Ohio 44114-2507
Phone 216-263-3429
Fax 216-263-3426
Email sdepaul@ftc.gov

Date: 9/8/10

LOCAL COUNSEL FOR PLAINTIFF:

PAUL J. FISHMAN
United States Attorney

By: *[signature]*

J. ANDREW RUYMANN
Assistant U.S. Attorney
402 East State Street, Room 430
Trenton, New Jersey 008608
Phone 609-989-0563
Fax 609-989-2360

Date: 9/10/10

-23-